UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-114ML |
| | ) | |
| MARCUS TRIMBLE | ) | |

OBJECTION TO PRESENTENCE REPORT

Now comes Marcus Trimble, the Defendant in the above captioned matter, and objects to the calculations of his criminal history contained in the presentence report ("PSR").

The PSR sets Mr. Trimble's criminal history category ("CHC") for guideline purposes at CHC V based on assignment of 10 points for prior convictions. PSR ¶ 53. The points are assigned for 3 convictions from 1995 and 1996, and a fourth allegedly from 1999. PSR ¶¶ 48, 49, 51, & 52. Mr. Trimble objects to the assignment of 1 criminal history point for the 1999 conviction in PSR ¶ 52. This additional point is relevant because without the assessment Mr. Trimble would be in CHC IV rather than V and subject to a lower advisory guideline range.

The documents provided by the probation department in support of its finding of conviction are not sufficient. *See* attached two page print-out. When considering the validity of a prior conviction for use in sentencing the Court should consider the statute, charging documents, plea colloquy, specific admissions by the defendant or findings by the judge, and jury instructions. *Cf. United States v. Shepard,* 544 U.S.13, 26 (2005); *United States v. Taylor,* 495 U.S. 575, 602 (1990).[1] The first page of the print-out states that the violation is "MAL INJ TO REAL PROP," but lists the statute as South Carolina Code of Laws § 16-13-520. That section is a venue statute for fraud based

---

[1] Although *Taylor* and *Shepard* apply directly to the courts' determinations of qualifying predicate convictions for Armed Career Criminal sentence enhancements, the logic and analysis apply equally here because the instructions on information to be considered ensure that the Court can determine the fact of conviction and the conduct upon which the conviction is based.

crimes and has nothing to do with malicious damage. *See* S.C. Code § 16-13-520 (2006) (attached). The second page indicates "Fined Amount 500.00" and "Days 30," which probation believes is a sentence of a $500 fine or 30 days incarceration. PSR ¶ 52. Again, there is not enough information for the Court to make this definitive inference, or any determination of the actual sentence imposed. Also, the document declares the disposition "GLT" but does not indicate that this was by a trial or plea of guilty or nolo contendere. Lastly, the document indicates that defendant did not appear at the disposition (Appreared: N). We do not have the proper statute, any charging document, any confirmation of a plea disposition or trial, and no findings of any fact. This document does not provide sufficient information for the Court to determine the validity of this alleged conviction, and, at this point, the Court cannot hold this alleged conviction against Mr. Trimble.

The PSR should be corrected to reflect the subtraction of this alleged conviction from the CHC calculation, resulting in the lowering of Mr. Trimble's CHC to IV (9 points) and the advisory guideline range of 77 - 96 months of incarceration.

Respectfully submitted
Marcus Trimble
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation, and Stephanie Browne, Assistant United States Attorney, on February 2, 2007.

/s/ Kevin J. Fitzgerald