UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-114ML |
| | ) | |
| MARCUS TRIMBLE | ) | |

---

MOTION FOR DOWNWARD DEPARTURE

Now comes Marcus Trimble, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to U.S.S.G. § 4A1.3(b)(1), to depart downward from the advisory guideline range based on the overstatement of his criminal history. Attached is Mr. Trimble's memorandum in support of this motion.

Respectfully submitted
Marcus Trimble
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation, and Stephanie Browne, Assistant United States Attorney, on February 15, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-114ML |
| | ) | |
| MARCUS TRIMBLE | ) | |

---

MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE

Marcus Trimble, the Defendant in the above captioned matter, has moved this Court to depart downward pursuant to U.S.S.G. § 4A1.3(b)(1). Chapter Four of the United States Sentencing Guidelines attempts to assess the seriousness of an individual's criminal history in order to aptly consider it in sentencing. U.S.S.G. §4, Introductory Commentary (2006). The chapter proclaims that the criminal record directly relates to the purposes of punishment in 18 U.S.C. § 3553(a)(2).[1] The guideline, however, falls short of an accurate analysis when applied to individual cases. The guideline assess's points for convictions only based the length of sentence, with no regard to the nature of the offense and surrounding facts. Further, it makes generalizations about prospective rehabilitation and recidivism in relation to prior convictions which have little worth when sentencing an individual. Also, the guideline specifically excludes the implications of drug abuse when analyzing the criminal record and likelihood of recidivism. U.S.S.G. §4, Introductory Commentary. This exclusion has an enormous impact here based on Mr. Trimble's history of substance abuse, and

[1]The statute provides, in pertinent part, that
"the court consider the need for the sentence imposed-
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"
18 U.S.C. § 3553(a)(2) (2005).

in general considering the overwhelming majority of defendants before the Federal Court have substance abuse issues.

Mr. Trimble's criminal record is significant in number of convictions, but otherwise not nearly as serious as the guideline assessment makes it seem. Following the guidelines, the PSR set Mr. Trimble's criminal history category, for purposes of this motion, at V based on 10 points.[2] PSR ¶ 50. Section 4A1.3(b)(1) states, in pertinent part:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

Mr. Trimble has 9 points for three 10 year old convictions. Those three convictions came on the same day as part of a probation violation disposition. He has remained essentially trouble free since. Mr. Trimble was able to break his addiction to drugs and build a life for himself in Connecticut. He was also able to obtain and maintain significant employment with Stop & Shop for 5 years. Although he committed very serious crimes here after relapsing, he has shown the ability to respond positively to drug treatment. With his ability to work and the significant drug treatment offered within the BOP, Mr. Trimble presents a very low probability to reoffend.

For all of these reasons the guidelines overstate the seriousness of Mr. Trimble's criminal record. The Court should grant this motion and depart downward appropriately from the advisory guideline range in the PSR.

[2] Mr. Trimble has separately objected to the alleged conviction in ¶ 52 being used in his criminal history assessment.

Respectfully submitted
Marcus Trimble
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation, and Stephanie Browne, Assistant United States Attorney, on February 15, 2007.

/s/ Kevin J. Fitzgerald