UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-114ML |
| | ) | |
| MARCUS TRIMBLE | ) | |

---

SUPPLEMENT TO OBJECTION TO PRESENTENCE REPORT

Now comes Marcus Trimble, the Defendant in the above captioned matter, and presents this additional information in support of his previous objection. After reviewing all of the documents provided by the Probation Department in support of its decision to count the matter in PSR ¶ 52 as a conviction, the defense maintains its objection.

The Columbia South Carolina Court has provided several data print out sheets and also two “Letter(s) of Disposition” (one to Probation and one to the Federal Defender). These documents, however, lack the necessary information regarding the manner of the disposition or the sentence imposed to determine if a qualifying conviction exists. A qualifying conviction must follow basic due process and these documents do not make that showing.

First, if the disposition came by a plea guilty then the documents should verify that the plea was made knowingly, intelligently, and voluntarily. Typically a transcript of a plea colloquy or, at very least a plea waiver form, would suffice to show the validity of the disposition. In Rhode Island we usually have a nolo contendere form to rely on, in addition to a transcript, which indicates the charges, the sentence, the rights waived, and the signatures of the defendant, defense counsel, and the judge. Similar forms are available for Massachusetts convictions. The South Carolina Court was unable to provide any such document or a transcript of the proceedings when requested by the Defense. The documents provided by the SC court, however, seem to indicate a different method of disposition.

On the Letter of Disposition provided to the Federal Defender, and one of the initial print-

outs, it indicates "Disposition of Case: Guilty TIA." According to the South Carolina Federal Defender Office in Columbia, TIA means "trial in absence." South Carolina law provides that a defendant must be given notice as to the consequence of "Trial in Absence" in order to sustain a conviction by that method. *See State v. Goode*, 385 S.E.2d 844, 845-46 (S.C. 1989). The documents provided in regards to the ¶ 52 charge do not show such notice. The documents also fail to show any substantive due process with regard to a trial, and, again, no transcript is available.

Also troubling here is the lack of a sentence. The documents refer to the sentence as a $500 fine or 30 days in jail. That is not an actual sentence, but instead a range of potential sentences. This is important because the statute charged, Malicious Injury to Real Property, includes conduct which if sentenced by a fine would be excluded under the guidelines.[1] The documentation does not clarify this issue.

As stated in the initial objection, the documentation of this case simply does not adequately support a finding of conviction for sentencing guideline purposes. As a practical matter, according to the SC Federal Defender, the Probation Department in SC does not count TIA convictions when assessing a defendant's criminal history under the guidelines.[2] For Mr. Trimble the exclusion of this alleged conviction makes perfect sense because the documents do not reliably show a valid conviction based on due process of law. Without the necessary supporting information the Court should sustain Mr. Trimble's objection.

---

[1] S.C. Code § 16-11-520 includes the offense conduct of simple trespass. (Attached). Section 4A1.2(c)(1) specifically excludes convictions for trespass sentenced under certain conditions as in a fine only.

[2] The contacts are listed with no points assessed.

Respectfully submitted
Marcus Trimble
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation, and Stephanie Browne, Assistant United States Attorney, on February 15, 2007.

/s/ Kevin J. Fitzgerald