LEXSTAT SC CODE 16-11-520

SOUTH CAROLINA CODE OF LAWS ANNOTATED BY LEXISNEXIS(R)

*** THIS DOCUMENT IS CURRENT THROUGH ALL LEGISLATION ENACTED IN 2006 ***
*** ANNOTATIONS CURRENT THROUGH DECEMBER 21, 2006 ***

TITLE 16. CRIMES AND OFFENSES
CHAPTER 11. OFFENSES AGAINST PROPERTY
ARTICLE 7. TRESPASSES AND UNLAWFUL USE OF PROPERTY OF OTHERS

**GO TO SOUTH CAROLINA ARCHIVE DIRECTORY**

*S.C. Code Ann. § 16-11-520* (2006)

§ 16-11-520. Malicious injury to tree, house, outside fence, or fixture; trespass upon real property.

(A) It is unlawful for a person to wilfully and maliciously cut, mutilate, deface, or otherwise injure a tree, house, outside fence, or fixture of another or commit any other trespass upon real property of another.

(B) A person who violates the provisions of this section is guilty of a:

(1) felony and, upon conviction, must be fined in the discretion of the court or imprisoned not more than ten years, or both, if the injury to the property or the property loss is worth five thousand dollars or more;

(2) felony and, upon conviction, must be fined in the discretion of the court or imprisoned not more than five years, or both, if the injury to the property or the property loss is worth more than one thousand dollars but less than five thousand dollars;

(3) misdemeanor triable in magistrate's court if the injury to the property or the property loss is worth one thousand dollars or less. Upon conviction, the person must be fined or imprisoned, or both, as permitted by law and without presentment or indictment of the grand jury.

**HISTORY:** 1962 Code § 16-382; 1952 Code § 16-382; 1942 Code § 1184; 1932 Code § 1184; Cr. C. '22 § 74; Cr. C. '12 § 223; Cr. C. '02 § 171; G. S. 2501; R. S. 166; 1857 (12) 605; 1892 (21) 93; 1893 (21) 411; 1894 (21) 824; 1935 (39) 262; 1964 (53) 1724; 1981 Act No. 76, § 2; 1993 Act No. 171, § 4; 1993 Act No. 184, § 105; 1998 Act No. 272, § 2.

**NOTES:**

CROSS REFERENCES

Classification of offense specified in subdivisions (B)(1) and (2) of this section as Class E felony, see *§ 16-1-90.*

Classification of offense specified in subdivision (B)(2) of this section as Class F felony, see *§ 16-1-90.*

Negligent, wilful or wanton damage to highway facilities, see *§ 57-7-10.*

Wanton or wilful injury to bridges, see *§ 57-13-110.*

Injuring, etc., trees, plants, etc., along certain highways, see *§ 57-23-20.*

NOTES OF DECISIONS

1. Generally

Quoted in *Bouie v. City of Columbia (U.S.S.C. 1964) 84 S.Ct. 1697, 378 U.S. 347, 12 L.Ed.2d 894.*

Stated in *State v. Collins (S.C. 1938) 188 S.C. 338, 199 S.E. 303.*

The legislature was careful to guard against a too free resort to this section [Code 1962 § 16-382] by penalizing a prosecutor, in that if he brought a criminal prosecution, he is debarred from bringing a civil suit for the same injury by Code 1962 § 10-15. *State v. Weeks (S.C. 1937) 185 S.C. 277, 194 S.E. 12.*

Under this section [Code 1962 § 16-382] a magistrate has jurisdiction of a complaint for a criminal trespass, where the damages are less than twenty dollars, even though defendant sets up as his defense, under a plea of not guilty, that the prosecutors have no title, but that title is in his wife. *State v. Holcomb (S.C. 1902) 63 S.C. 22, 40 S.E. 1017.*

Cited in *State v. Hallback (S.C. 1894) 40 S.C. 298, 18 S.E. 919.*

Magistrates had no jurisdiction of complaint for criminal trespass before the act of 1892, the punishment being left to the discretion of the trial judge. *State v. Mays (S.C. 1886) 24 S.C. 190.*

A mere license to plant the land in possession of owner does not give possession of real property required by this section [Code 1962 § 16-382] such as will sustain an indictment for malicious trespass for cutting up the crop planted. *State v. Gadsden (S.C. 1884) 20 S.C. 456.*

2. Malice

In trial on charge of malicious injury to real property, trial judge errs in charging jury that malice may be implied from unlawful act willfully done, until contrary is proved, since such charge may have effect of shifting burden of proof to person on trial. *State v. Lewellyn (S.C. 1984) 281 S.C. 199, 314 S.E.2d 326.*

In *State v Davis, 88 SC 229, 70 SE 811* it was held that in an indictment for malicious mischief it is not necessary to show personal ill will against the owner of the property, but malice as an ingredient of the offense may be inferred from the wilful doing of an unlawful act without just cause or excuse, and both wilfulness and malice may be inferred when the unlawful act is done in such a wanton and reckless spirit as to show a mind disposed to mischief. Malice is a term of art, implying wickedness and excluding a just cause or excuse. It is implied from an unlawful act wilfully done, until the contrary be proved. *State v. Weeks (S.C. 1937) 185 S.C. 277, 194 S.E. 12.*

- In *State v Toney (1881) 15 SC 409,* the court held that the terms "unlawfully," "wilfully" and "maliciously," used in this section [Code 1962 § 16-382], are not synonymous and were not intended to express the same idea. They have each a different signification and import different degrees of guilt. *State v. Weeks (S.C. 1937) 185 S.C. 277, 194 S.E. 12.*

The word "maliciously," as used in this section [Code 1962 § 16-382], should be construed with a view to the popular conception of its meaning; that is, that the cutting, mutilating, defacing, or the otherwise injuring of the real property of another has to be done from an innate or sheer meanness growing out of a heart fatally bent on mischief and the act must denote a depraved and wicked spirit; that it is the intent of the doer that someone suffer an unnecessary injury to his property. *State v. Weeks (S.C. 1937) 185 S.C. 277, 194 S.E. 12.*

To justify a conviction under this section [Code 1962 § 16-382], the State must prove or put in evidence facts from which no other reasonable conclusion could be reached but that the accused had malice in his heart or was acting maliciously. *State v. Weeks (S.C. 1937) 185 S.C. 277, 194 S.E. 12.*

3. Damages

Where defendant threw live nuts of nut grass on another's land, the damages to the land from a crop of nut grass was the proximate result, and it was improper to limit the damages to that occurring at the time the nuts were thrown on the land. *State v. Des Champs (S.C. 1923) 126 S.C. 416, 120 S.E. 491.*

Under the proviso of this section [Code 1962 § 16-382], limiting the punishment for malicious injury to realty where the damage does not exceed twenty dollars, the amount of damage is that which results from the wrongful act or trespass as a natural and probable consequence. *State v. Des Champs (S.C. 1923) 126 S.C. 416, 120 S.E. 491.* Malicious Mischief 12

An indictment charging defendant with setting fire to a fodder house and a corn crib which fails to allege that the damage exceeded $ 20.00 is not within the jurisdiction of the court of general sessions. *State v. Jeter (S.C. 1896) 47 S.C. 2, 24 S.E. 889.*

LexisNexis (R) Notes:

CASE NOTES

1. To secure a conviction under *S.C. Code § 16-11-520*, the State must prove "that it is the intent of the doer that some one suffer an unnecessary injury to his property." *State v. Bryant, 311 S.C. 442, 429 S.E.2d 816, 1993 S.C. App. LEXIS 67 (S.C. Ct. App. 1993)*, affirmed in part and reversed in part by *316 S.C. 216, 447 S.E.2d 852, 1994 S.C. LEXIS 173 (S.C. 1994)*.

2. Malice is an element of the offense of malicious injury to real property; one is guilty if he wilfully, unlawfully, and maliciously cut, mutilate, deface or otherwise injure any house. *State v. Lewellyn, 281 S.C. 199, 314 S.E.2d 326, 1984 S.C. LEXIS 255 (S.C. 1984)*.