**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-114ML |
| | : | |
| MARCUS TRIMBLE | : | |

GOVERNMENT'S RESPONSE TO
DEFENDANT’S MOTION FOR SENTENCE CONSIDERATION

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to defendant’s Motion for Sentence Consideration. Defendant posits a number of “grounds” for a sentence below the guideline range; his personal background, work history, and history of substance abuse; his “rehabilitation” from his prior life of crime until the instant offenses; and the nature of the instant offenses. However, none of those grounds, either individually or in combination, are sufficient to justify a sentence below the guideline range.

In the wake of the Supreme Court’s decision in United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory, not mandatory. Yet the First Circuit has made plain that “the guidelines continue [] to be an important consideration in sentencing.” United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Moreover, “the guidelines cannot be called just ‘another factor’ in the statutory list, 18 U.S.C. §3553(a), because they are the only integration of the multiple factors, and with important exceptions, their calculations were based upon the actual sentences of many judges.” Id. (emphasis in original). Nevertheless, “[a] court

may sentence below the guidelines because the guideline sentence appears unreasonable in the 'particular case.'" United States v. Thurston, 456 F.3d 211, 218, 219 (1st Cir. 2006) (quoting Jimenez-Beltre, 440 F.3d at 518). Post-Booker, "the fact '[t]hat a [departure] factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines.'" United States v. Aitoro, 446 F.3d 246, 255 n. 9 (1st Cir. 2006) (quoting United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006)). "Nevertheless, [the Jimenez-Beltre] decision did treat the guidelines as more than just 'one factor among many,' deemed them the proper starting point for post-Booker sentencing, and said that the proponent of a variance had to support it." United States v. Navedo-Concepción, 450 F.3d 54, 57 (1st Cir. 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)).

An application of the factors listed in 18 U.S.C. § 3553(a) does not afford defendant the relief which he seeks. Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment ···; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for ··· the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ···; (5) any pertinent policy statement ··· issued by the Sentencing Commission ···; (6) the need to avoid unwarranted sentence disparities among defendants with similar records ···; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) requires the sentencing court to consider a defendant's background and the circumstances of the instant offense. In this case, such an examination affords defendant no relief.

Contrary to defendant's claims, his criminal history, personal background, and nature of the instant offenses all justify a sentence within the guideline range.

Defendant makes much of his disadvantaged childhood and his drug abuse. He speaks of putting those disadvantages, as well as his multiple convictions for various offenses behind him, and his efforts at obtaining and keeping a good job with Stop & Shop. He is to be lauded for those efforts. It is to his credit that he rose above those disadvantages, both those imposed by others and those imposed by himself. However; he comes before the Court at this juncture because when faced with relatively common stressors, he slid right back to drug abuse and crime.

It is unfortunate that defendant lost his job because Stop & Shop moved its warehouse operations. He describes feeling humiliation and trauma due to this stressor. These made him feel as though he could not provide for his family. His response was to spend his limited resources on crack cocaine, marijuana, and PCP. Not surprisingly, those actions only exacerbated his problems and further depleted his resources. Instead of denying himself those illicit drugs and the oblivion they provide, he turned to bank robbery to provide himself with money. None of this speaks well for defendant and none of it argues for leniency. As the court is well aware, there are many in our communities who are subject to many stressors - job loss, debilitating illness, loss of a bread winner permanently or temporarily due to the ongoing war. The vast majority of those individuals do not turn to crimes to solve their problems. They scale back their expenses, they defer their goals, in short, they react as responsible members of society. Defendant did not. His focus was on himself and his wants. If defendant's argument is accepted, it amounts to granting a pass on criminal behavior for the economically disadvantaged. It is a slap in the face to those who live in communities that are further down the economic ladder. To

say that they are not to be held as responsible as those with more available funds is insulting to them and is contrary to our justice system - where all are to be held to the same standard.

Contrary to defendant's claim that the guidelines unfairly and inaccurately indicate he is likely to be recidivist, the guidelines have quite accurately predicted what has proven to be true - he is a recidivist. The Introductory Commentary to Chapter Four provides, in part:

> A defendant's record of past criminal conduct is directly relevant to [the four purposes of sentencing]. A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment. General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence. To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered. Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation.

The commentary further notes that there is empirical data correlating recidivism and patterns of criminal history. Defendant's own history and behavior is consistent with that premise. He was convicted eight times by the age of 22. Only four of those convictions added points to his criminal history category calculation. Contrary to defendant's claim that the guidelines are a flawed predictor of recidivist activity, in his case the guidelines were prescient.

Defendant argues that the guidelines are flawed because they assess "points for convictions only based [upon] the length of sentence, with no regard to the nature of the offense and surrounding facts." This complaint is not logically sound. As a general rule, the more serious the crime, the longer the sentence imposed. Defendant does not contend either that he did not commit the offenses listed in his criminal history or that the sentences imposed on him were inordinately severe. Defendant received 3 points each for convictions for: 1) accessory after the fact larceny, breaking into a motor vehicle, and accessory after the fact burglary; 2)

possession of a stolen motor vehicle; and 3) possession of crack cocaine and second degree burglary. None of these are minor offenses. Defendant received sentences of three years each for the drug charge and the stolen motor vehicle charge, and five years for the accessory to larceny and burglary charges. Defendant did not serve any of those sentences in full. It appears that he never served more than two years in any single stretch. In fact he violated the terms of his probation relating to at least two of them.

18 U.S.C. § 3553(a)(2) sets forth a number of considerations for the sentencing court. Among those considerations are the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to provide adequate deterrence to criminal conduct; and to protect the public from further crimes at the hands of defendant. Given defendant's lack of respect for the laws of the United States, he should be sentenced to deter his future misconduct as well as to deter others. The Court should note that by his resort to crime when he is stressed, defendant's prior contacts with the criminal justice system were not sufficient deterrents. This is an indication that he has no respect for and no inclination to obey the rule of law or the orders of the courts. In a case such as this one where defendant has no compelling reasons why he could not conform his conduct to the law, the factors in § 3553(a)(2) which go to deterrence, respect for the law, just punishment, and protection for the public, all serve individually and collectively as reasons why a sentence at the low end of the guideline range is reasonable and appropriate.

Contrary to the admonition in Jimenez-Beltre that the proponent of a variance has to provide support for a sentence below the advisory guideline range, defendant has provided no support for such a decision. He has demonstrated no personal characteristics, no facts about the

crime, nor any grounds to support a conclusion that a sentence below the range as set forth in the PSR would be reasonable or would meet the requirements of 18 U.S.C. § 3553(a).

For all of the foregoing reasons, defendant's motion should be denied. He should be sentenced to 92 months, the low end of the advisory range. Such a sentence is reasonable when all of the factors within the statute are considered and weighed.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ STEPHANIE S. BROWNE
STEPHANIE S. BROWNE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001(fax)
Stepahanie.browne@usdoj.gov

CERTIFICATION OF SERVICE

On this 21st day of February, 2007, I caused the Government's Response to Defendant's Motion for Sentence Consideration to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Kevin J. Fitzgerald
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903
kevin_fitzgerald@fd.org

/s/STEPHANIE S. BROWNE
STEPHANIE S. BROWNE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001(fax)
Stepahanie.browne@usdoj.gov