United States of America,
Plaintiff

V.

Marcus A. Trimble
Defendant

Docket Number.: 1:06CR00114-01 ML

Honorable Judge Lisi

## Motion to have Restitution Order Deferred

Comes now, the defendant, Marcus Trimble, respectfully requesting this Honorable Court to defer his restitution order, pursuant to Title 18 U.S.C SS 3572 and 3664 (f) (2)

### Background

On Febuary 23, 2007 the defendant was sentenced to a term of imprisonment of 77 months for violation of Title 18 U.S.C. S 2113 (A). This was followed by 3 years of supervised release and a restitution order of $ 8,882.00 which is due immediately. The court also ordered upon release the interest would start building on the restitution.

### Argument

The defendant respectfully request that his restitution be deferred until his release from imprisonment because his inability to pay is due in part to his being incarcarated. The Federal Bureau of Prisons (B.O.P.),

has set a guideline to which it is now forcing the defendant to pay; The Inmate Financial Responsibility Program (IFRP). According to the rules in the IFRP, the defendant is required to pay either monthly or quarterly in the amount that satisfies the B.O.P. ($25.00) minimum. In United States v. Johnson, 48 f.3d 806 (4th Cir, 1995), the Fourth Circuit found the delegation of the authority to set the amount and timing of restitution payments to the B.O.P. or the probation office to be impermissible and contravention to Article III of the United States Constitution because the duty to impose a sentence, including restitution, is soley a judicial function. Johnson, 48 f. 3d at 808. The District Court is given the authority in sentencing to order the defendant to pay restitution to the victim. See 18 U.S.C. S 3556. "Upon determination of the amount of restitution owed each victim, the Court shall, pursuant to Section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. S 3664(f)(2). A majority of the Circuit Courts, including the Fourth Circuit forbid delegating the preparation of a payment schedule to the B.O.P. and the probation office. See; United States v. Overholt, 307 f. 3d 1231, 1255 (10th Cir. 2002) (citing cases from the Second, Third, Fourth, Fifth, Seventh and Eighth Circuit Court.) Because of the defendant's incarceration and the already established fact that the Court established that the defendant does not have the ability to pay a fine. The defendant is requesting that the Court defer his payments until his

release in monthly intervals in accordance with his earnings. The defendant also relies on the fact that he is in a new institution, U.S.P. Canaan, to which most of the jobs that are high paying are already taken and the defendant is on a waiting list. The defendant has no one on the outside to help him. He has two small children who need things.

## Relief Sought

The defendant humbly request the following:
1. That the Court accept the defendant's motion to have his restitution order deferred until release from imprisonment and schedule payments in monthly intervals in accordance with the defendant's income earnings;
2. Instruct the B.O.P. that the defendant's restitution order is deferred and he is no longer to participate in the Inmate Financial Responsibility Program, through Court order;
3. In the alternative instruct the B.O.P. by court order that the defendant is to pay only $25.00 quarterly after securing a job that can pay that amount.

## Conclusion

For the reasons stated above, the defendant humbly requests that the Court accept his motion to have his restitution order deferred and the alternative and proceed with the legal finding of the Court.

Respectfully submitted,

[signature]

Marcus A. Trimble, pro se

Marcus A Trimble
Reg # 05811-070
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

Date: March 5, 2008